UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

XINAI LIU,

                *Plaintiff*,

-against-

ALEJANDRO MAYORKAS, UR M. JADDOU, KIRT THOMPSON, MERRICK B. GARLAND,

                *Defendants*.

24-CV-7317 (ARR) (MMH)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

Plaintiff, Xinai Liu, seeks a writ of mandamus under 28 U.S.C. § 1361, or a declaration and injunction under the Administrative Procedure Act ("APA"), 5 U.S.C. 706, compelling defendants, who are current or former officials of federal immigration authorities, to process her application for adjustment of status. Defendants move to dismiss the action, arguing that Ms. Liu filed her complaint in the wrong venue under Rule 12(b)(3) and, in the alternative, that this court lacks jurisdiction to consider her claim under Rule 12(b)(1) and that the complaint fails to state a claim under Rule 12(b)(6). Because I find that Ms. Liu has filed her complaint in the wrong venue, I exercise my discretion to transfer this action to the Southern District of Ohio.

**BACKGROUND**

Ms. Liu is a citizen of the People's Republic of China and came to the United States with a tourist visa on March 15, 2014. Compl. ¶ 10 (ECF No. 1). Around February 2015, Ms. Liu filed an asylum application with United States Citizenship and Immigration Services ("USCIS") and attended an asylum interview at the New York Asylum Office on June 6, 2017. *Id.* ¶ 11. After the interview, Ms. Liu's asylum application was referred to the New York Immigration Court, and she

was placed in removal proceedings. *Id.* While removal proceedings were ongoing, Ms. Liu's U.S. citizen son filed a Form I-130 petition for an alien relative on Ms. Liu's behalf. *Id.* The I-130 petition was approved by USCIS on May 22, 2019. *Id.*; Compl. Ex. A, at 5 (ECF No. 1-3). On August 5, 2019, Ms. Liu filed a Form I-485 application to adjust status. Compl. ¶ 11; Compl. Ex. C, at 7–8. Ms. Liu's attorney filed a request for prosecutorial discretion to halt the removal proceedings with the Executive Office for Immigration Review, *id*. at 4–6, and Ms. Liu's removal proceedings were subsequently terminated. *See* Compl. ¶ 11.

Ms. Liu has made multiple inquiries with USCIS to determine the status of her I-485 application, but her application remains pending. Compl. ¶ 12. This state of uncertainty has been a significant hardship for Ms. Liu as she is restricted in her ability to travel, work, and access essential benefits. *Id.* ¶ 13. Ms. Liu's prolonged stress from awaiting a determination of her adjustment of status application has resulted in fatigue, sleep issues, and anxiety. *Id.* ¶ 14.

Ms. Liu filed her complaint in this court on October 18, 2024. Former Magistrate Judge Bulsara directed defendants to provide a status report on Ms. Liu's I-485 application and they advised that the application remained pending before USCIS as of November 20, 2024. *See* Nov. 20, 2024 Status Rep. (ECF No. 7). The Government also informed the court that Ms. Liu filed a change of address form with USCIS, changing her address from Flushing, New York to Milford, Ohio in February 2024, eight months *before* she commenced the instant action. *Id*. Ms. Liu's complaint, however, alleges that she resided in Flushing, New York at the time the petition was filed. Compl. ¶ 2.

Defendants served Ms. Liu with a motion to dismiss on April 1, 2025. Defs.' Mot. Dismiss (ECF No. 13) ("Defs.' Mot."). Ms. Liu served her memorandum in opposition on April 15, 2025.

2

Pl.'s Opp'n Mot. Dismiss (ECF No. 11) ("Pl.'s Opp'n"). Defendants served their reply papers on May 6, 2025. Defs.' Reply Supp. Mot. Dismiss (ECF No. 13-6) ("Defs.' Reply").

## LEGAL STANDARD

On a motion to dismiss a complaint for improper venue under Rule 12(b)(3), "the plaintiff bears the burden of establishing that venue is proper." *Cold Spring Harbor Lab'y v. Ropes & Gray LLP*, 762 F. Supp. 2d 543, 551 (E.D.N.Y. 2011) (quotations omitted). "If there are disputed facts relevant to the venue determination, it may be appropriate for the district court to hold an evidentiary hearing before resolving the Rule 12(b)(3) motion." *Allied Dynamics Corp. v. Kennametal, Inc.*, 965 F. Supp. 2d 276, 288 (E.D.N.Y. 2013). If the court holds a hearing, "the plaintiff has the burden of demonstrating venue by a preponderance of the evidence." *Id*. If no hearing is held and the court "chooses to rely on the pleadings and affidavits," the plaintiff only needs to make a *prima facie* showing of venue to defeat the motion. *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005) (citation omitted). In determining whether plaintiff has made a *prima facie* showing, the court must "view all facts in the light most favorable to the plaintiff." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007). This includes "accept[ing] the facts alleged in the complaint and constru[ing] all reasonable inferences in the plaintiff's favor." *Matera v. Native Eyewear, Inc.*, 355 F.Supp.2d 680, 681 (E.D.N.Y. 2005) (citation omitted). A court may also "rely on facts and consider documents outside the complaint." *N-N v. Mayorkas*, 540 F. Supp. 3d 240, 251 (E.D.N.Y. 2021).

Upon a finding of improper venue, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993).

3

**DISCUSSION**

The Second Circuit has held that consideration of venue should precede consideration of whether a complaint adequately states a claim for relief. *See Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963) (explaining that logic compels consideration of venue first because "[a] dismissal for . . . improper venue does not preclude a subsequent action in an appropriate forum, whereas a dismissal for failure to state a claim . . . is with prejudice").

The instant venue dispute turns on which judicial district Ms. Liu resided in when she filed her complaint. Because defendants are officers of the United States, venue is determined by 28 U.S.C. § 1391(e)(1), which states:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). For venue purposes, "a natural person . . . shall be deemed to reside in the judicial district in which that person is domiciled." *Id*. § 1391(c)(1). When determining venue, the relevant district to consider is plaintiff's residence at the time the complaint was filed. *Golberg v. United States*, No. 13-CV-7353, 2015 WL 5638008, at *3 (E.D.N.Y. June 4, 2015). Once venue is established, it is not affected by subsequent events. *See Keitt v. New York City*, 882 F. Supp. 2d 412, 459 n.44 (S.D.N.Y. 2011) ("Venue is determined based upon the parties and allegations at the time the operative complaint is filed, not subsequent events.").

Invoking 28 U.S.C. § 1391, Ms. Liu's complaint alleges that venue is proper in the Eastern District of New York because "this is an action against officers and agencies of the United States in their official capacities, brought in the District where Plaintiff resides." Compl. ¶ 8. The

4

complaint alleges that Ms. Liu lived in Flushing, New York, which is located in the Eastern District of New York. *Id.* ¶ 2. Ms. Liu's receipt for her adjustment of status is addressed to an attorney with an office located in Flushing, New York, *see* Compl. Ex. C, and her attorney in this action also appears to be located in Flushing, New York, *see* Summons Issued (ECF No. 3).

Moving to dismiss Ms. Liu's complaint under Rule 12(b)(3), defendants argue that venue is improper in this court because Ms. Liu actually resided in the Southern District of Ohio at the time her complaint was filed. Defs.' Mot. at 7–9. In their motion, defendants cite Ms. Liu's Form I-485 application, dated July 14, 2023, wherein Ms. Liu represented to USCIS that her current address was in Milford, Ohio, and that she had lived there from January 1, 2023 to the present. *See* Defs.' Mot. Ex. B, (ECF No. 13-2). The application lists the Flushing, New York address contained in the complaint as Ms. Liu's previous physical address, and states that she resided there from January 1, 2022 to January 1, 2023. The application also lists Ms. Liu's current or most recent employer as Milford Massage, which is located in Milford, Ohio. *Id.* at 5. In addition to Ms. Liu's Form I-485, defendants attach a change of address form that USCIS processed on February 15, 2024—predating the initiation of this action—listing Ms. Liu's "current address" as being in Milford, Ohio, and her "previous address" as being in Flushing, New York. *Id.* at 8.

In her opposition papers, Ms. Liu does not dispute defendants' evidence or their factual assertion that Ms. Liu was living in Ohio on the date the complaint was filed. *See generally* Pl.'s Opp'n. Defendants correctly point out in their reply brief that "Plaintiff's Statement in Opposition to Defendant's Motion to Dismiss . . . does not dispute, or even acknowledge, Respondent's argument that venue is improper." Defs.' Reply at 1. Because the fact of Ms. Liu's residence is not disputed, no evidentiary hearing is required for me to conclude that she resided in Ohio at the time the case was filed. *See New Moon Shipping Co. v. MAN B & W Diesel A.G.*, 121 F.3d 24, 29 (2d

5

Cir. 1997) ("A disputed fact may be resolved in a manner adverse to the plaintiff only after an evidentiary hearing.).

This case is similar to *Feng Chen on behalf of Jiang Jinghon v. Sessions*, where District Judge Donnelly found that venue was not proper in the Eastern District of New York even though the complaint alleged that plaintiff lived in Flushing, New York. 321 F. Supp. 3d 332, 336 (E.D.N.Y. 2018). Examining the complaint, Judge Donnelly found that the Flushing, New York address alleged was that of the offices of the plaintiff's immigration lawyer, and that an attachment to the complaint showed that the plaintiff lived in Texas. *Id*. Importantly, the defendant argued that venue was improper and, as here, the plaintiff did not submit any evidence contesting that argument. *Id.* at 335–36. Ultimately, the court concluded that venue was improper in the Eastern District of New York because it found that "neither the defendants nor the plaintiffs reside[d]" in Flushing, New York when the complaint was filed. *Id*. at 336. The same can be said for Ms. Liu's claim based on the undisputed facts before me. As such, I find that Ms. Liu has failed to satisfy the relatively low burden of making a *prima facie* showing that venue is proper in this district based on her residence at the time she filed her complaint.

Ms. Liu's complaint also fails to establish venue under the other two conditions specified in 28 U.S.C. § 1391(e)(1). First, venue may also be proper in this district if a defendant in this action resides here. *See* 28 U.S.C. § 1391(e)(1)(A). Defendants concede that venue would be appropriate in the District of Maryland, where USCIS is headquartered. Defs.' Mot. at 1–2. Ms. Liu's counsel has submitted a list of defendants that lists the addresses of the defendants she names in the complaint, with none alleged to reside in the Eastern District of New York. ECF No. 1-2. Indeed, there is no argument regarding section 1391(e)(1)(A) in her briefing or complaint.

Second, venue may be proper in this district if a "substantial part of the events or

omissions" leading to Ms. Liu's claim occurred in the Eastern District of New York. 28 U.S.C. 1391(e)(1)(B). The Second Circuit has cautioned district courts to take seriously the adjective "substantial," which means that significant events or omission material to the plaintiff's claim must have occurred in the district in question for venue to be proper. *See Glasbrenner*, 417 F.3d at 357. A court is "not . . . required to determine the 'best venue,' but merely a logical one with a substantial connection to the litigation," *Reliance Ins. Co. v. Polyvision Corp.*, 474 F.3d 54, 59 (2d Cir. 2007). The appropriate analysis is "more a qualitative than a quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432–33 (2d Cir. 2005). This inquiry "require[s] courts to focus on relevant activities of the defendant, not of the plaintiff." *Id.* at 432.

Ms. Liu has alleged no facts showing that "a substantial part of the events or omissions giving rise" to her claim took place in the Eastern District of New York. While she had her asylum interview at the New York Asylum Office, which appears to be located in the Eastern District of New York,[1] her claim concerns her pending I-485 application. Compl. ¶ 11. During the disputed delay period following the submission of Ms. Liu's application, her immigration case was referred to the New York Immigration Court, which is located in the Southern District of New York. *Id.* In other words, even a qualitative inquiry into the facts of where a substantial part of the events or omissions giving rise to Ms. Liu's mandamus claim—which her counsel made no attempt to brief—does not support the continuance of litigation in this district.

---

[1] I take judicial notice of the address of the New York Asylum Office, which is located at 1065 Stewart Avenue, Suite 200, Bethpage, NY 11714. *See* Asylum Office - New York, USCIS (June 5, 2025), https://www.uscis.gov/about-us/NY/New%20York. *See United States v. Akinrosotu*, 637 F.3d 165, 168 (2d Cir. 2011) (taking judicial notice of the official website for the Bureau of Prisons).

Ms. Liu has not made a *prima facie* showing of venue under 28 U.S.C. 1391. When venue is improper, the district court has discretion to "dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a); *Minnette*, 997 F.2d at 1026. Since defendants concede that venue is proper in the Southern District of Ohio, where Ms. Liu currently resides, and the District of Maryland, where USCIS is headquartered, I exercise my discretion to transfer the case to the Southern District of Ohio in lieu of dismissal.

Having ordered a venue transfer, I do not address the defendants' other grounds for dismissal. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits.") (quotations omitted).

## CONCLUSION

For the reasons above, I order this action transferred to the Southern District of Ohio.

SO ORDERED.

                /s/
Allyne R. Ross
United States District Judge

Dated: June 18, 2025
      Brooklyn, New York